STATE OF NORTH CAROLINA v. TAFT WASHINGTON LANEY

No. 7530SC197

(Filed 2 July 1975)

**Kidnapping § 1; Rape § 18— kidnapping and assault with intent to commit rape — sufficiency of evidence**

In a prosecution for kidnapping and assault with intent to commit rape, evidence was sufficient to support the jury's verdicts of guilty where the evidence tended to show that defendant forced his

victim into her car, he drove several miles and turned onto a dirt road where he stopped the car, defendant threatened to kill his victim after he raped her, and defendant ordered his victim to disrobe and placed his hands on her private parts.

APPEAL by defendant from *Friday, Judge.* Judgment entered 31 October 1974 in Superior Court, CHEROKEE County. Heard in the Court of Appeals 8 May 1975.

Defendant was charged in separate bills of indictment with the felonies of kidnapping and assault with intent to commit rape.

The jury returned verdicts of guilty on each charge and from judgments imposed thereon, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Jesse C. Brake, for the State.*

*William A. Hoover, Jr., for defendant appellant.*

MARTIN, Judge.

Following the return of the verdicts by the jury, defendant apparently moved to have them set aside as being contrary to the weight of the evidence. The denial of his motion forms the basis of the first assignment of error. While defendant does not support this assignment of error with any argument, we give it full consideration due to the gravity of the offenses.

A motion to set aside the verdict as being contrary to the weight of the evidence is addressed to the sound discretion of the trial judge, and in the absence of abuse of discretion it is not reviewable on appeal. *State v. Britt,* 285 N.C. 256, 204 S.E. 2d 817 (1974).

In brief summary, the evidence for the State tends to show the following facts. Mrs. Lucille D. Gault testified that she was sixty-four years of age, five feet and three inches in height, and one hundred and ten pounds in weight. She was a school teacher, and in 1962 defendant was in her homeroom. On 29 July 1974, defendant entered her home without knocking and offered her a drink of bourbon. She refused and continued with her household chores. Defendant was intoxicated at the time, and after some thirty minutes he asked Mrs. Gault to take him to Jim Mason's place. Being terrified and thinking that it would be a good way to get rid of him, Mrs. Gault drove defendant to

State v. Laney

Mason's home which was a distance of approximately one mile. Defendant would not get out of the car, so Mrs. Gault turned her car around and went back down the hill. As she did, defendant reached over and snatched the car keys while the motor was running. Eventually, the car stopped. Defendant forced Mrs. Gault from the car, twisting her arm. They scuffled over the keys and Mrs. Gault was forced into some poison ivy. Thereafter, Mrs. Gault was forced back into the car, and defendant drove down the hill. With his arm around her, defendant drove past a blacksmith shop, and Mrs. Gault, who was terrified, screamed that Taft (Taft Laney) was abducting her. They drove for a couple of miles on a paved road called "Little Brasstown Church," and defendant threatened to hang or choke to death Mrs. Gault after he had raped her. After several miles, they turned onto a dirt road where defendant stopped the car and again repeated his threats. Mrs. Gault was ordered to remove all of her clothes. She immediately complied, being afraid of him. Some twenty minutes elapsed, during which time defendant touched her private parts. The sheriff found both of them in the back seat of the car, took defendant from the car, and placed him under arrest.

Defendant testified, denying that he kidnapped Mrs. Gault and claiming that she volunteered to go with him and voluntarily took off her clothes.

No abuse of discretion has been shown in the court's denial of defendant's motion to set aside the verdicts. In addition, pursuant to G.S. 15-173.1, we have reviewed the sufficiency of the evidence to sustain the verdicts. When viewed in the light most favorable to the State, the evidence was sufficient to go to the jury and sustain the verdicts against defendant.

Defendant's remaining two assignments of error challenge the court's charge to the jury regarding the willingness of Mrs. Gault to get into the car and the court's final mandate on kidnapping. Neither of these contain merit. The charge presents the law fairly and clearly to the jury and accurately applies the law to the facts of the case.

In the trial we find no prejudicial error.

No error.

Judges CLARK and ARNOLD concur.